# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMI LEN CROWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV420-163 |
| COASTAL RECOVERY GROUP, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Before the Court is plaintiff's Second Motion to Allow Alternative Service Upon the New York Secretary of State. Doc. 21. In the motion, plaintiff asks—again—for an order from this Court directing the New York Secretary of State to accept service on behalf of defendant Coastal Recovery Group LLC. *Id.* Plaintiff previously requested the same relief—albeit without reference to federal law authorizing such relief—and was denied. Doc. 13, doc. 19. In the Order denying the relief, the Court expressed its doubts that it had the authority to order the Secretary of State to accept service regardless of whether it was authorized by the federal rules or state statute. Doc. 19 at 1-2 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess *only* that power authorized by the Constitution and [federal] statute" (emphasis added)).

That concern remains true, even with a second attempt. The Federal Rules of Civil Procedure do not—even when their text may suggest it—affect the jurisdiction

of this Court. *See, e.g., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 n. 13 (1966) ("[T]he Federal Rules of Civil Procedure do not expand the jurisdiction of federal courts."); *accord Owen Equipment Erection Co. v. Kroger*, 437 U.S. 365, 368-370 & n. 7 (1978). Both Rule 4 and the New York laws cited by plaintiff are procedural rules and do not grant subject matter jurisdiction. Not only is the New York Secretary of State a non-party before this Court, it is an agency of a state. *See, e.g., Franchise Tax Board of California v. Hyatt*, __ U.S. __, 139 S.Ct. 1485, 1492 (holding "that States retain their sovereign immunity from private suits brought in the courts of other States:"). Accordingly, the Court lacks jurisdiction to enter an order binding the New York Secretary of State and *will not do so in this case. See Owen Equipment,* 437 U.S. at 372-73 (discussing the limited jurisdiction of federal courts). Plaintiff shall have 90 days from the date of this order to effect service, either via service on the New York Secretary of State through a writ of mandamus in the New York state court system, service by publication, or any other viable method of service. Failure to effect service during this time will result in a recommendation of dismissal for failure to serve.

**SO ORDERED,** this 15th day of March, 2021.

_Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA